UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELAIZARAH ZGRAGGEN ROSARIO,**

        **Plaintiff,**

v.                                                                                         Case No:  6:17-cv-2169-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Delaizarah Zgraggen Rosario (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income benefits. Doc. No. 1. Claimant alleges a disability onset date of July 27, 2008. R. 597. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct standards to her treating doctor's opinions and to Claimant's testimony regarding her pain and limitations. Doc. No. 21 at 20-22, 25-27. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED**.

### I.     STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the

Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  ANALYSIS

Claimant argues that the ALJ erred by failing to apply the correct standards to her treating doctor's opinions and to Claimant's testimony regarding her pain and limitations. Doc. No. 21 at 20-22, 25-27.

### A.  Treating Doctor's Opinions

This is Claimant's second appearance before this Court seeking reversal of the denial of Supplemental Security Income benefits. R. 720. On June 21, 2016, the Court reversed and remanded a different ALJ's decision because that ALJ failed to state with particularity the weight given to the opinion of Claimant's treating psychiatrist, Dr. Qadir. R. 728, 729. The Court stated, "On remand, the ALJ should articulate with specificity the weight assigned to Dr. Qadir's opinion." R. 729. On January 12, 2017, the Appeals Council remanded this case to the ALJ "for further proceedings consistent with the order of the court." R. 718.

In the February 22, 2013 psychiatric medical assessment, Dr. Qadir opined Claimant has marked difficulties in maintaining social functioning and maintaining concentration, persistence,

or pace. R. 548. Dr. Qadir opined Claimant is mildly to moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. R. 549. Dr. Qadir also opined Claimant has the following marked limitations: completing a normal workday and workweek without interruptions; working in coordination with or proximity to others without being distracted by them; accepting instructions and responding appropriately to criticism from supervisors; and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. 549.

On remand, the ALJ found that Claimant has the following severe impairments: "cervical and lumbosacral spine degenerative disc disease (DDD), carpal tunnel syndrome (CTS) bilateral, peripheral neuropathy in the lower extremities, migraine headache, plantar fasciitis, and affective disorder with anxiety." R. 698. The ALJ assigned the following residual functional capacity ("RFC") to Claimant:

> [L]ess than the full range of light work as defined in 20 CFR 416.967(b), except sit up to 50% of the workday; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; frequent pushing/pulling, handling and fingering bilaterally; avoid: overhead reaching, foot controls, constant temperatures over 90°F and under 40°F, constant vibration, work at heights, and work with dangerous machinery; work tasks should be those learned in 90 days or less, with occasional interaction with coworkers/supervisors and general public.

R. 700. The ALJ stated the following regarding Dr. Qadir's opinion:

> Dr. Qadir gave the claimant disabling limits in the psychiatric medical assessment on February 22, 2013 (Exhibit C-16F). For example, notes from July 2012 to December 2012 showed the claimant said, "things are better now" in November 2012 (Exhibit C-15F). The undersigned found the medical assessment was not entirely consistent with the claimant's sporadic mental health treatment, lack of crisis center visits or inpatient psychiatric hospitalizations. The undersigned found Dr. Qadir's limitations would likely indicate the need for psychiatric institutionalization.

> *The undersigned gave partial weight to the opinion of Dr. Qadir.* The undersigned disagreed with marked limitations in social functioning, as it was not supported by Dr. Qadir's mental status findings and other mental status examinations findings, specifically by the Orlando Psychiatric Associates, which showed the claimant reported her anxiety and mood were better and she was less irritable and less fatigue[d] at the August 11, 2014 visit (Exhibit C-20F/53). She was also noted to be cooperative with good eye contact, and normal speech throughout the record. Furthermore, the claimant's condition continued to be stable through the last medical evidence in the file, which was January 31, 2017 (Exhibits C-20F/2).

R. 709-10 (emphasis added).

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[1]

Claimant argues that the ALJ stated that she was giving Dr. Qadir's opinion partial weight, but instead articulated reasons for rejecting the opinion. Doc. No. 21 at 22. She contends

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

that the ALJ cherry picked evidence supporting the weight she gave the opinion. *Id.* at 20. Claimant takes issue with the ALJ's characterization of her mental health treatment as sporadic and reliance on a lack of crisis center visits or inpatient hospitalizations. *Id.* Claimant argues that no substantial evidence supports the ALJ's belief that Claimant would need psychiatric institutionalization if Dr. Qadir's limitations were believed. *Id.* at 21. In challenging the ALJ's reliance on records from an August 11, 2014 visit, Claimant points to evidence from those records regarding her poor condition. *Id.* Claimant states that the ALJ's finding that she "was also noted to be cooperative with good eye contact, and normal speech throughout the record[,]" R. 710, is not supported by substantial evidence. Doc. No. 21 at 22. Finally, Claimant states that the ALJ misrepresented the record when she stated that Claimant's "condition continued to be stable through the last medical evidence in the file, which was January 31, 2017 (Exhibits C-20F/2)[,]" R. 710. Doc. No. 21 at 22.

Although the ALJ was directed on remand to "articulate with specificity the weight assigned to Dr. Qadir's opinion," R. 729, the ALJ failed to do so. The ALJ stated that she gave "partial weight" to Dr. Qadir's opinion, but did not state which parts of the opinion she found credible or how much weight constitutes "partial weight." R. 709-10. "Partial weight" gives no indication of the weight the ALJ gave the opinion or portions of the opinion, and therefore frustrates the Court's ability to evaluate whether the ALJ's decision is supported by substantial evidence. By way of example, Dr. Qadir opined that Claimant has marked difficulties in maintaining concentration, persistence, and pace. R. 548. The only mental limitations in the RFC are that Claimant is limited to the following: "work tasks should be those learned in 90 days or less, with occasional interaction with coworkers/supervisors and general public." R. 700. These limitations may arguably address marked limitations in concentration and/or social functioning,

but do not address any limitations in persistence or pace. Yet, the ALJ did not expressly reject Dr. Qadir's opinion regarding limitations in concentration, persistence, and pace or make a specific finding based on substantial evidence as to what Claimant can do notwithstanding such limitations. *See Flinchbaugh v. Acting Comm'r of Soc. Sec.*, No. 3:16-CV-1238-J-34PDB, 2018 WL 988858, at *4 (M.D. Fla. Feb. 1, 2018) ("If an ALJ finds a claimant has moderate difficulties in concentration, persistence, or pace, he must implicitly or explicitly account for any related limitation in his hypothetical question to the vocational expert or find the claimant's ability to work is unaffected by the difficulties."), *report and recommendation adopted sub nom. Flinchbaugh v. Berryhill*, No. 3:16-CV-1238-J-34PDB, 2018 WL 929772 (M.D. Fla. Feb. 16, 2018), *appeal filed*, No. 18-12192 (11th Cir. May 25, 2018).

The ALJ did state with particularity that she "disagreed" with Dr. Qadir's opinion regarding "marked limitations in social functioning[,]" R. 710, which evidences that the ALJ gave different weight to different portions of Dr. Qadir's opinion.[2] When giving different weight to different portions of the opinion, the ALJ must articulate with particularity and support each weight with substantial evidence. *Knoblock v. Colvin*, No. 8:14-CV-00646-MCR, 2015 WL 4751386, at *3 (M.D. Fla. Aug. 11, 2015) ("[R]eversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others."). Here, the ALJ erred in failing to state with particularity the weight given to Dr. Qadir's opinion. *See Winschel*, 631 F.3d at 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."); *Didier v. Berryhill*, No. 3:16CV332-SRW, 2018 WL 1583136, at *5 (M.D. Ala. Mar. 30, 2018) (reversing where ALJ gave treating doctor's opinions "partial weight," but did not explain what "partial

---

[2] Although the ALJ expressly disagreed with that portion of Dr. Qadir's opinion, she did incorporate limitations in social functioning in her RFC. R. 700.

weight" meant and the ALJ possibly accorded portions of doctor's opinions different weights, but "the court [was] left to guess at which of [the treating doctor's] opinions were considered, and what is and is not included in the 'partial' weight assigned to this specialist's treating medical source's opinion evidence."). Additionally, this failure to follow the Court's directive on remand, which was incorporated into the Appeals Council's directive to the ALJ following the Court's order, R. 718, alone requires reversal. *Mepham v. Colvin*, No. CV 315-046, 2016 WL 3675805, at *4 (S.D. Ga. July 6, 2016), *report and recommendation adopted*, No. CV 315-046, 2016 WL 4083751 (S.D. Ga. Aug. 1, 2016) ("Failing to follow the terms of the [Appeals Council's] remand order is a legal error that requires this Court to remand the case to the Commissioner.").

In evaluating Dr. Qadir's opinion, the ALJ stated, "Dr. Qadir's limitations would likely indicate the need for psychiatric institutionalization." R. 710. The ALJ then relied on Claimant's lack of crisis center visits and in-patient psychiatric hospitalizations. R. 710. The ALJ stating her opinion of the appropriate treatment for a patient with the limitations Dr. Qadir ascribed to Claimant is an impermissible attempt to play doctor. *See Carlisle v. Barnhart*, 392 F. Supp. 2d 1287, 1294 (N.D. Ala. 2005) ("An ALJ is not allowed to make medical findings or indulge in unfounded hunches about the claimant's medical condition."); *Hernandez v. Barnhart*, 203 F. Supp. 2d 1341, 1355 (S.D. Fla. 2002) (finding that "the ALJ may have improperly 'played the role of medical expert, interpreted the raw psychological and medical data, and drew her own conclusions as to the claimant's RFC.' " (quoting the claimant)). As the ALJ failed to state the weight given to Dr. Qadir's opinion with particularity, as required by *Winschel* and on remand, and impermissibly played doctor in weighing the opinion, it is recommended that the decision be reversed.

### B. Testimony regarding Pain and Limitations

Claimant argues that the ALJ failed to apply the correct legal standards to her determination of Claimant's credibility. Doc. No. 21 at 25-27. Although the ALJ provided several reasons for finding "[C]laimant's allegations and testimony to be only partially consistent," R. 707, Claimant focuses on the following one:

> The [C]laimant's complaints were further diminished by her *obvious narcotic seeking behavior*, her lack of consistent treatment, especially mental health treatment, and her bizarre behavior following her calm and articulate testimony at hearing. Specifically, after giving her testimony at the hearing of July 18, 2013, calmly, the undersigned observed the claimant to leave her chair to crouch in a corner and make unusual gesticulations with strange expressions, while rubbing her face and holding her head. Neither the claimant's fiancé nor her representative went to her aid.

R. 707-08 (emphasis added). The ALJ did not provide any examples or cite any evidence supporting the conclusion that Claimant engaged in "narcotic seeking behavior." *Id.* Additionally, the ALJ that rendered this decision was not the ALJ that presided over the July 18, 2013 hearing, and there is nothing in the 2013 hearing transcript indicating that this particular ALJ was present or that this incident occurred. R. 647-92. At the July 10, 2017 hearing that this ALJ did preside over, she never mentioned Claimant's alleged behavior at the hearing that occurred four years earlier. R. 959-84. The ALJ's only remarks at the hearing regarding inappropriate drug use were when she asked the Claimant if the Claimant was still using alcohol and marijuana. R. 978. When the Claimant responded that she stopped over five years ago, the ALJ did not ask any further questions or make any other comments on the subject. R. 978.

In *Miles v. Chater*, 84 F.3d 1397, 1399 (11th Cir. 1996), the ALJ rejected the opinions of two evaluating doctors for several reasons, one of which was that in cases involving clients of the claimant's attorney, these particular doctors "'almost invariably conclude that the person

being examined is totally disabled.'" *Id.* (quoting the ALJ's decision). There was no proof in the record of this. *Id.* at 1399-1400. The Eleventh Circuit reversed and remanded for a new hearing before a different ALJ. *Id.* at 1401. The ALJ's observations made without any evidentiary support demonstrated that the claimant was denied her right to a full and fair hearing. *Id.* at 1400-01.

As in *Miles*, here the ALJ made an adverse credibility determination based in some part on observations without any support in the record. The ALJ failed to support her statement that Claimant engaged in "obvious narcotic seeking behavior," and there is no evidence in the record of Claimant's alleged actions at a hearing that occurred four years earlier. The ALJ's reliance on these reasons to discount Claimant's credibility deprived Claimant of her right to a full and fair hearing.

The Commissioner argues that the ALJ's credibility determination is supported by the reasons the ALJ gave other than the ones regarding "obvious narcotic seeking behavior" and Claimant's alleged actions at a hearing four years prior. Doc. No. 21 at 29-30. In *Miles*, however, several reasons other than the unsupported ones were given to discount the doctors' opinions, and the Eleventh Circuit nonetheless concluded that reversal was necessary. 84 F.3d at 1399. It is impossible to determine how much weight the ALJ gave to Claimant's alleged "obvious narcotic seeking behavior" and actions at the previous hearing versus the weight she gave to the other reasons for discounting Claimant's credibility. Finally, the ALJ's comment that Claimant engaged in "obvious narcotic seeking behavior" is so egregious as to taint the ALJ's entire credibility determination. *See generally Martin v. Barnhart*, 319 F. Supp. 2d 1381, 1384 (S.D. Ga. 2004) (reversing and remanding for a new hearing before a different ALJ when the ALJ's "inclusion of a wholly irrelevant article in the record, together with the inflammatory remarks of

the ALJ with respect to the article's application, taints the ALJ's findings with a stain of impropriety that [the court] cannot ignore."). Thus, it is recommended that the Court find that the ALJ's credibility determination is not supported by substantial evidence and reverse the decision denying benefits.

### C.     Remedy

Claimant argues that the Court should reverse this case for an award of benefits because it has been pending for over seven years and remanding for additional proceedings would result in further delay and hardship. Doc. No. 21 at 31-32. Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (reversing for an award of benefits after finding that claimant suffered an injustice). It is certainly understandable that Claimant would make this argument given the fact the decisions below have twice failed to properly weigh Dr. Qadir's opinion, the second decision failed to comply with this Court's remand order, and Claimant has been pursuing a proper decision on the merits for more than seven years. While this case is fast approaching the threshold where a substantial injustice may be found due to delay, multiple errors, and non-compliance with the Court's remand order, at this stage that threshold has not been met. *Compare Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (remanding for an award of benefits where the Commissioner did not present any evidence supporting the Commissioner's burden of showing that the claimant was "capable of engaging in some substantial gainful activity[,]" and the claimant suffered an injustice "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack

of substantial evidence to support the ALJ's decision . . . ."); *Williams v. Comm'r of Soc. Sec.*, No. 6:17-CV-275-ORL-37GJK, 2018 WL 733687, at *1 (M.D. Fla. Feb. 6, 2018) (reversing for an award of benefits where claimant's application was pending for eleven years, there were four ALJ decisions, three reversals of the ALJ's decisions by the district court, and the Commissioner did not meet her burden of proving other jobs exist in significant numbers in the national economy that the claimant could perform). Also, disability has not been established beyond a doubt. Accordingly, it is recommended that Claimant's request to remand for an award of benefits be denied.

### III.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and
2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 23, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
Mikayla Bucci, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Orlando, FL 32817-9801